IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-10-258 |
| | § | |
| | § | |
| CHRISTOPHER HARLESS | § | |

**ORDER**

On November 5, 2010, a hearing was held in the federal district court for the Western District of Texas on the motion filed by the defendant, Christopher Harless, for release on bond pending trial. The magistrate judge denied the motion, finding that the government had sustained its burden of demonstrating that there were no conditions that would sufficiently address the risk of flight and provide the necessary assurance that the defendant would appear for trial. The magistrate judge specifically rejected the defendant's argument that it was sufficient that he live with his daughter, Jessica Harless, and her husband. The court noted that the defendant's sister was married to the principal architect of the fraud scheme, Harris Ballow, who remains a fugitive in Mexico, and that the defendant had recent strong ties to Mexico relating to the alleged fraud scheme, under circumstances that evidenced his daughter's and her husband's awareness of his activities. At the time the defendant was arrested, he was living with that daughter in a home registered to her husband, Joshua Holden. The defendant's sister, Robin Ballow, was indicted on the same day as the defendant, and is also a fugitive. In the present motion, the defendant offers to live with his daughter, Jessica Holden, and her husband, in Ohio, and to have them cosign his bond.

Under 18 U.S.C. § 3145(a)(1), a district court makes a *de novo* review of a motion to revoke the magistrate judge's order for detention. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985). The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. § 3141, *et seq.,* allows a defendant's detention pending trial on a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, . . . ." 18 U.S.C. § 3142(e). Under the Act, the inquiry is focused on whether the defendant is likely to present a risk to flee the jurisdiction, if released; and whether the defendant presents a risk of danger to the community, if released. In determining whether there are conditions of release that will reasonably assure the appearance of a defendant as required, the court must take into account: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance or firearm; and (2) the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)(1) & (2). Additionally, the court must consider the defendant's history and characteristics, including the defendant's character, family ties, employment, financial resources, length of residence in the community, past conduct, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g)(3)(A).

The 2010 fraud indictment against the defendant carries the potential for a significant sentence. The defendant was an unindicted coconspirator in a 2003 case brought against Harris Ballow and was subject to a consent decree enjoining him from violating the securities laws in a related civil case filed by the Securities and Exchange Commission alleging securities fraud. In this case, the government asserts that Harless engaged in significant activities to assist Ballow in committing fraud in Mexico, and that several of his family members — including his daughter

Jessica — were involved in these activities or, at a minimum, knew about them and about Harless's use of aliases to conduct them.

Given the information about Harless's activities, the strong ties to Mexico, the potential sentencing exposure he faces, and the continued concern about his relationships with family members who are offered as cosignors on the bond, this court finds that the defendant should be detained pending trial. He has not rebutted the presumption that he is a flight risk.

There are no conditions this court could set that would ensure the defendant's future appearance here. The motion for bond is denied.

SIGNED on October 18, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge